Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5150 | **DATE** | 10/30/2002 |
| **CASE TITLE** | TECHNICAL CONCEPTS vs. ZURN INDUSTRIES INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Zurn's motion to transfer venue [5-1] to the Western District of Pennsylvania with respect to Plaintiff Technical Concepts L.P.'s action against defendant Zurn is granted pursuant to 28 U.S.C. Section 1404(a), and orders the Clerk of the Court to transfer this case to the Western District of Pennsylvania and close this action in this District.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 3 1 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 14 |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TECHNICAL CONCEPTS L.P., )
an Illinois Limited Partnership, )
 )
          Plaintiff, )     No. 02 C 5150
 )
          v. )     Judge Ronald A. Guzman
 )
ZURN INDUSTRIES, INC., )
a Pennsylvania Corporation, )
 )
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Zurn Industries, Inc. motion to transfer this lawsuit pursuant to 28 U.S.C § 1404(a). For the reasons set forth below this motion is granted.

## BACKGROUND FACTS

Plaintiff Technical Concepts L.P. ("Technical") is an Illinois partnership having its principal place of business in Mundelein, Illinois ( Compl. P 1). Technical manufactures and distributes automatic flush valve actuators, and holds a patent for its actuator under U.S. Patent No. 5,680,879 ("the '879 patent") ( *Id.* P 2). Defendant Zurn Industries, Inc. ("Zurn") is a corporation organized and existing under the laws of Pennsylvania, with its principle place of business in Erie, Pennsylvania 16514 ( *Id.* P 1). Zurn holds a patent under U.S. Patent No. 5,431,181 ("the '181 patent") for its own actuator ( *See Answer*, Ex. A (License Agreement), P 1).

1

Technical and Zurn are parties to a License and Supply Agreement ("License Agreement") dated March 5, 1999 and a Modification of License and Supply Agreement dated October 6, 2000 ("Modification Agreement") (together, "the Agreements") *(Answer, Exhibits A-B)*. Within these two related agreements, the two companies cross-licensed patents to one another. Zurn licensed Technical under its '181 patent, and Technical licensed Zurn under its '879 patent (*Answer*, Ex. A).

Section 8.2 of the License agreement states "[i]f either party is in breach of this Agreement, the breaching party cannot sue the other for patent infringement." ((Answer, Ex. A) (License Agreement), P 7). The License Agreement further provides "[n]otice of breach by either party shall be given by providing sixty (60) days written notice to the other party of said breach." *Id.* Lastly, it states "[a]ny breach may be cured with thirty (30) days," and if a party fails to correct a breach, the other party "has the option of terminating this Agreement." *Id.*

On March 12, 2002, Zurn provided written notice to Technical, alleging that Technical had committed numerous breaches of the Agreements (*Def. Br. Mot. Trans.*, P. 3). On March 25, 2002, Technical filed a complaint against Zurn in the Northern District of Illinois seeking a declaratory judgment that it did not infringe Zurn's '181 patent. *Id.* The case was assigned Case No. C 2136 and assigned to Judge Castillo, who dismissed this complaint for failure to properly allege jurisdiction and venue. *Id.* On April 19, 2002, Technical filed another complaint again seeking a declaration that it did not infringe Zurn's '181 patent, under which it was still licensed. *Id.* This complaint was again assigned to Judge Castillo, and was given Case. No. 02 C 2827. On April 26, 2002, Judge Castillo again dismissed this complaint without prejudice. *Id.* Technical filed a

2

motion to reconsider the April 26th dismissal, and on September 9, 2002, Judge Castillo granted Technical's motion to reconsider. *Technical Concepts, L.P. v. Zurn Industries, Inc.*, 2002 U.S. Dist. LEXIS 16925 (N.D. Ill. Sept. 10, 2002). However, Judge Castillo transferred the case to the Western District of Pennsylvania *sua sponte* under 28 U.S.C. 1404(a), stating that the "pleadings and issues in this case indicates that venue is more appropriate" in the transferee district. *Id.* at *6.

On May 14, 2002, Zurn filed a patent infringement suit in the United States District Court for the Western District of Pennsylvania at Civil Action No. 02-159-Erie, alleging that Technical had infringed its '181 patent ( *Def. Br. Mot. Trans.*, P 4). This action is still pending. On July 19, 2002, Technical filed the instant lawsuit against Zurn, alleging the infringement of the '879 patent. On August 21, 2002, Zurn filed a motion to transfer under 28 U.S.C. §1404(a) this case to the Western District of Pennsylvania. The motion to transfer is granted.

## DISCUSSION

A motion to transfer is governed by 28 U.S.C. § 1404(a). Under 1404(a), a federal district court may "for the convenience of the parties and witnesses and in the interest of justice...transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A section 1404(a) transfer is appropriate only where "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines,*

*Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Because determining whether transfer is appropriate "involves a large degree of subtlety and latitude," and is made on a case-by-case basis, it is therefore "committed to the sound discretion of the trial judge." *Coffee*, 796 F.2d at 219; *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000).

To aid the trial judge in determining the final element of the 1404(a) analysis, the party seeking to transfer venue "has the burden of establishing, by reference to particular circumstances, that the transfer forum is clearly more convenient" than the transferor court. *Coffey*, 796 F.2d at 219-20. In making a transfer determination, the court must consider both the private interests of the parties and the public interests of the Court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Factors for the court to consider in assessing private interests include: (1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses. *Amoco Oil*, 90 F.Supp.2d at 960. Public interest factors or interests of justice "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *VonHoldt v. Husky Injecting Molding System Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). These interests of justice "may be determinative in a particular case, even if the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220.

Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b), which provides: "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

infringement and has a regular and established place of business." Zurn, the defendant in this case, resides in the Western District of Pennsylvania. Because venue is proper in both this district, and under 28 U.S.C. § 1400(b), in the Western District of Pennsylvania, the only issues that remain to be decided pertain to the convenience of the parties and witnesses, as well as the interests of justice.

A. **Private Factors**

   i. **Plaintiff's Choice of Forum and Site of Material Events**

Generally, a plaintiff's choice of forum is given substantial weight where it is the plaintiff's home forum. *United Air Lines*, 8 F. Supp. 2d at 798; *Amoco Oil*, 90 F. Supp. 2d at 960; *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). However, while the plaintiff's choice is an important consideration, it is not absolute in determining whether a motion to transfer should be granted. *Amoco Oil*, 90 F. Supp. 2d at 960. Specifically, where the plaintiff's choice of forum has "relatively weak connections with the operative facts giving rise to the claim," it is afforded less importance and becomes only one of many factors considered by the court. *Von Holdt*, 887 F. Supp. at 188; *Amoco Oil*, 90 F. Supp. 2d at 961.

In order to determine the appropriate weight that should be accorded to the plaintiff's choice of forum, it is necessary to consider the site of material events. This claim arises out of the defendant's alleged infringement of the plaintiff's '879 patent. Technical argues that this claim has a strong connection to the Northern District of Illinois because Illinois is its home forum, and that a few named entities within the Illinois have sold and distributed Zurn's allegedly infringing product. However, as Technical has admitted, Zurn's product is also distributed in across the United States, and

"sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Energaire Corp. v. E.S. Originals, Inc.*, 1999 U.S. Dist. LEXIS 17304, at * 7 (N.D. Ill. Oct. 27, 1999), *quoting Anchor Wall Systems, Inc. v. R&D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999); *Pl. Opp. to Def. Mot.*, P 6.; *see also Berol Corp. v. BIC Corp.*, 2002 U.S. Dist. LEXIS 12932, at *14 (N.D. Ill. Jul. 3, 2002). Thus, the fact that a few entities in Illinois sell the allegedly infringing product does not establish a particularly strong connection between Illinois and this cause of action.

Conversely, not only is Zurn a Pennsylvania corporation with its principal place of business in that district, the cause of action also primarily arose in Pennsylvania. The License Agreements between parties, through which the '879 patent was originally licensed to Zurn, was negotiated, prepared and completed in the Western District of Pennsylvania. The laws of Pennsylvania govern the Agreements. Further, the allegedly infringing products were designed in Pennsylvania and Mr. Harrinder Singh, one of the developers of the original Zurn product resides in Erie Pennsylvania. These factors are due considerable weight because in infringement cases, "the location of the infringer's principle place of business is often the critical and controlling consideration" because such suits "often focus on the activities of the alleged infringer, its employees, and its documents" rather than upon those of the plaintiffs. *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott L.P.*, 807 F. Supp. 470, 474 (N.D. Ill. 1992); *Energaire*, 1999 U.S. Dist. LEXIS 17304, at *8.

This cause of action did not arise in Illinois. Pennsylvania is the primary site of material events. Accordingly, because Technical has chosen a forum that has a tenuous

connection to the claim, its choice of forum is afforded reduced valuein the Court's analysis. Thus, these two factors favor the transfer to Pennsylvania.

### ii. Relative Ease of Access to Evidence and Convenience of the Parties

The Court next considers "the residence of the parties and their ability to bear the expense of trial in a particular forum." *Medi USA*, 791 F. Supp. at 210. While both parties raised the issue of transporting documents, the ability or inability of either party to bring relevant documents to court that are not already located within the district "neither militates for or against transfer." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Also relevant to this consideration is the fact that the instant case is patent case. As already stated, in infringement cases, more focus is placed upon the defendants' activities, documents, and employees. *Habitat*, 807 F. Supp. at 474 (N.D. Ill. 1992). Thus, "[a] number of courts have recognized that 'practicality and convenience are best served when a patent case is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other date necessary to the discovery and trial techniques employed in the patent field.'" *Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc.*, 1992 U.S. Dist. LEXIS 14299, at *16-*17, 25 U.S.P.Q.2d (BNA) 1382, 1386 (N.D. Ill. 1992), *quoting Spound v. Action Industries, Inc.*, 369 F. Supp. 1066, 1069 (N.D. Ill. 1974). As discussed before, the allegedly infringing product was designed in Pennsylvania, and Zurn has a regular and establish place of business there. A further relevant consideration to the convenience element is the fact that the related '181 patent litigation between these two parties is already pending in Pennsylvania, and, thus,

Technical already must travel to Pennsylvania to defend itself. *See Berol*, 2002 U.S. Dist. LEXIS 12932, at *17. Together, these factors weigh in favor of transfer.

### iii. **The Convenience of Witnesses**

The identification of "potential, non-party witnesses who will be inconvenienced in having to travel to another forum to provide testimony" in an action is relevant to determining which venue is most convenient for the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 961. This consideration is "often viewed as the most important factor in the transfer balance." *Hanley*, 6 F. Supp. 2d at 775. In making this assessment, the number of witnesses located in each forum and the importance of their testimony must be considered. *Medi USA*, 791 F. Supp. at 210. The party seeking a transfer must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F. 2d 1286, 1293 (7th Cir. 1989). Less weight is assigned to the location of employee-witnesses because they would presumably voluntarily appear to defend the suit. *Hanley*, 6 F. Supp. 2d at 775.

Zurn claims that its primary witnesses who will testify on Zurn's design, manufacture and sale of the allegedly infringing products are Zurn employees who are located in Pennsylvania. In its original motion to transfer, Zurn only specifically listed Robert Saadi and Alex Marini, the president of Zurn, as "key witnesses," and provided a declaration by Mr. Saadi that he and Mr. Marini personally negotiated the terms of the License Agreements, and that both he and Mr. Marini live in Erie, Pennsylvania. Mr. Saadi also stated that Zurn has no witnesses within the state of Illinois. In its reply, Zurn additionally listed Michael Vieyra, another Zurn employee, as a witness. Zurn also

8

named two non-party, non-employee witnesses: Mr. Harinder Singh, who is one of the named developers of Zurn's '181 patent and lives in Erie, Pennsylvania, and Mr. Brian Creager, a former Zurn employee who is another named inventor of the '181 patent who now lives in Atlanta, Georgia.

Technical also provided the names of witnesses it planned to call during trial. Technical plans to offer the testimony of Mr. Vince McNeill to establish the non-obviousness of the patented invention, Mr. George Murphy to establish the lack of any non-infringing substitutes, and Mr. David York to testify as to Technical's lost profits. All three are all employees of Technical and reside in the Northern District of Illinois. Technical also listed two non-party witnesses, Mr. Kenneth Murderlak, and inventor of the '879 patent who resides in Milwaukee and Sherwood, Wisconsin and Mr. Hsieh, another named inventor of the '879 patent who resides in Taiwan. According to Technical, Mr. Murderlak will testify as to how the patented device was conceived and how it operates and functions in relation to Technical's patented device.

Each party specifically listed three employee witnesses, which are given less weight. Each party also specifically listed two non-employee witnesses, all of whom are inventors of the patents at issue between the two parties. Thus, the issue of convenience of the each side respective witnesses is neutral.

### iv. Convenience of the parties

In evaluating the convenience of the litigants, the court considers their residences and their ability to bear the expenses of litigating in a particular forum. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.,* 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). "Transfer is inappropriate if it 'merely transforms an inconvenience for one party into an

inconvenience for the other party.'"*Id.* quoting *Chemical waste Mgmt. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994). In light of the ongoing litigation taking place in Pennsylvania this factor weighs in favor of Zurn.

### B. Public Factors/Interests of Justice

The interests of justice component of the 1404(a) analysis concerns the "efficient administration of the court system," *Coffey*, 796 F.2d at 221, embracing "traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996).

#### i. Court's Familiarity with Applicable Law

Patent infringement is a question of federal law, and is one that both this court and the Western District of Pennsylvania are both equally competent to hear and decide upon. Pennsylvania law is also implicated in this case in that it governs the License Agreements. However, while the Pennsylvania court is more familiar with its own substantive laws, courts often decide substantive legal questions based on another state's laws. *Amoco Oil*, 90 F. Supp. 2d at 962. Further, where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts. *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F. Supp. 1279, 1286-87 (N.D. Ill. 1980). Thus, this issue neither weighs in favor or against the transfer.

#### ii. Speed at Which the Case will Proceed to Trial

Technical and Zurn cite different statistics as to the speed at which the case will proceed to trial in each respective district. To determine the relative speed, the court looks to the Federal Court Management Statistics for "(1) the median months from filing

to disposition and (2) the median months from filing to trial." *Amoco Oil*, 90 F. Supp. 2d at 962. According to the 2001 Annual Report of the Director (Leonidas Ralph Mecham) on Judicial Business of the United States Courts, which is the most recent report, the median months from filing to disposition (where there is no court action) in the Western District of Pennsylvania is 8.1, and the median in the Northern District of Illinois is 5.1 months. *See* Table C-5, U.S. District Courts: Median Time Intervals from Filing to Disposition of Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2001, *available at* http://www.uscourts.gov/judbus2001/contents.html. The median time from filing to trial in Pennsylvania is 27.0 months, and in Illinois it is 25.4 months. *Id.* Because there is a slightly higher backlog in Pennsylvania, this factor weighs against transfer.

### iii. **Presence of Related Litigation**

Another relevant consideration in the interests of justice is the presence of related litigation. *Black & Decker Corp. v. Vermont Am. Corp.*, 915 F. Supp. 933, 939 (N.D. Ill. 1995), *citing Wysnoski v. Millet*, 758 F. Supp. 439, 445 (N.D. Ill. 1991). Generally, in order to achieve "efficient administration of justice," cases "should be transferred to the district where related actions are pending." *Carus Corp v. Greater Texas Finishing Corp.*, 1992 U.S. Dist. LEXIS 908, at *4-*5 (N.D. Ill. Jan. 31 1992). Specifically, "[w]hen pending litigation involves the same parties and similar legal, technical and infringement issues, transfer to that venue is logical and strongly favored." *Berol*, 2002 U.S. Dist. LEXIS 12932, at *17 n.5, *citing Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980). The '879 patent case and the '181 case that is currently pending in the Western District of Illinois involve the same parties, the patents were

11

cross-licensed in the same License Agreements, and the same technical and infringement issues are implicated because both patents apply to parts of the same product, the flush valve actuator. Technical has answered the Pennsylvania complaint and not sought transfer to Illinois. This factor weighs in favor of transfer because both of these actions involve issues relating to the cross-license agreement.

### iv. Relation of the Community to the Occurrence and the Desirability of Resolving Controversies in their Locale

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Technical argues that the Northern District of Illinois has an interest in protecting its citizens from infringement and preventing infringers from operating within its boundaries. While this is true, it is also true that the accused product is distributed and sold throughout the United States. Thus, several states, including Pennsylvania, presumably share Illinois' interest in redressing the alleged infringement. Further, because infringement actions are usually associated with the defendant's activities, which in this case are concentrated in Pennsylvania, these combined factor favors transfer to Pennsylvania. *See Berol*, 2002 U.S. Dist. LEXUS 12932, at *18; *Energaire*, 1999 U.S. Dist. LEXIS 17304, at *14.

## CONCLUSION

Zurn's motion to transfer venue[#5-1] to the Western District of Pennsylvania with respect to Technical's action against Zurn is granted pursuant to 28 U.S.C. §

1404(a), and orders the Clerk of the Court to transfer this case to the Western District of Pennsylvania and close this case in this District.

SO ORDERED  ENTERED: 10/30/02

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge